IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRETT ROSE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, and ANTHONY PASCENTE,<br><br>    Defendants. | Case No. 22-CV-02534-GCS-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Pending before the Court is a Motion for Temporary Restraining Order ("TRO") filed by Plaintiff Garrett Rose. (Doc. 11). Rose brings his singular claim under 42 U.S.C. § 1983 alleging the taking of property by Defendants State of Illinois, Illinois Department of Central Management Services, and Anthony Pascente in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1).

  In his complaint, Rose alleges he was previously employed by the Illinois Department of Corrections. (Doc. 1). He claims his employment was terminated for failing to wear a mask on June 9, 2022. (*Id.*). Plaintiff states he is currently employed by the Central City, Illinois Police Department and his current take home pay is approximately $2,400.00 per month. (*Id.*). On September 22, 2022, Plaintiff received a letter from the Office of the Illinois Department of Central Management Services

("CMS") claiming that he owed the State $1,195.92 for the reimbursement of medical and dental insurance premiums that were not deducted from his payroll from March 16, 2022, to May 31, 2022. (Docs. 1, 1-2). The letter stated that the Illinois Office of the Comptroller would be notified to begin involuntary withholding from his paycheck to cover the outstanding cost if the amount was not paid by October 25, 2022. (*Id.*).[1] Rose cites cases that hold that a taking of property by the state without an opportunity to be heard violates the fundamental principles of due process. (Doc. 1).

According to Rose's Motion for TRO and his affidavit, Rose, his wife, and two children are on a fixed income and will be irreparably harmed if a significant portion of his wages are garnished because those wages are essential for the support and welfare of his family. (Doc. 11). Accordingly, he seeks a TRO to prevent CMS from garnishing his wages until a hearing in this Court can be held on his application for a preliminary injunction contained in his complaint.

A TRO is an order issued without notice to the party to be enjoined that generally may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

---

[1] Under Illinois law, "[t]he Comptroller may . . . deduct a portion of the amount due and payable to the State in accordance with the request of the notifying agency" with the caveat that "[n]o request from a notifying agency for an amount to be deducted . . . from a wage or salary payment . . . shall exceed 25% of the net amount of such payment." 15 ILCS § 405/10.05.

"The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction." *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 80 F. Supp. 3d 829, 833 (N.D. Ill. 2015) (citing *Merritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014)). The movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Smith v. Executive Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If those requirements are met, then the Court must balance the harm that party will suffer without a TRO against the harm the other party would suffer should the Court grant the TRO. *See Incredible Techs.*, 400 F.3d at 1011. The Court must also consider the public interest in granting or denying an injunction. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

As to the first element, Rose need only demonstrate that he has a "better than negligible" chance of succeeding on the merits. *Ty Inc.*, 237 F.3d at 897; *see also Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011). Rose claims that Defendants have not given him a hearing before depriving him of his wages. The Court finds that Rose has demonstrated a likelihood of success on the merits for purposes of a temporary restraining order.

The remaining threshold requirements usually blend together for the purposes of analysis. That is because as "[a]n injury is 'irreparable' when it is of such a nature that the injured party cannot be adequately compensated in damages or when damages cannot be measured by any pecuniary standard." *Meridian Mut. Ins. Co. v.*

*Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1120 (7th Cir. 1997); *see also Girl Scouts of Manitou Council, Inc. v. Girls Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008).

Here, Rose contends the loss of a portion of his wages constitutes irreparable harm for which there is no adequate remedy at law. The Court Agrees.[2] Although Rose's loss of wages could be compensated for later if he prevails in his suit, he would be irreparably harmed because those wages are essential for the support and welfare of his family now. Rose states he is on a fixed income and his current take home pay is approximately $2,400.00 per month. CMS can garnish up to 25% of those wages. There can be no adequate remedy at law for the loss of his home if he cannot pay his mortgage, the loss of electricity if he cannot pay a utility bill, the loss of his car if he cannot pay his loan, or the lack of food on his family's table. These factors weigh heavily in favor of the issuance of a TRO.

Nevertheless, the Court must also weigh the irreparable harm that Rose will endure without the protection of a TRO against any irreparable harm the State will suffer if the Court were to grant the requested relief. *See Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1086. The greater the likelihood that Rose has of success on the merits, the lesser the burden to demonstrate that the balance of hardships weighs in his favor. *See Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021). Rose appears likely to succeed on the merits and whatever harm Defendants will suffer

---

[2] The Court also notes that while temporary loss of income does not usually constitute irreparable injury in the context employment discharge, that context is inapplicable to the case at hand. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

from being enjoined from garnishing Rose's wages pales in comparison to the loss Rose would endure.

Finally, given the constitutional rights involved, the Court declines to require Rose to post a security under Federal Rule of Civil Procedure 65(c). *See Copeland v. City of E. Chicago, IN,* 2007 WL 1232215, at *4 (N.D. Ind. 2007) (declining to require plaintiffs to post a bond in constitutional rights case).

For these reasons, the Motion for Temporary Restraining Order filed by Plaintiff Garrett Rose (Doc. 11) is **GRANTED** pursuant to Federal Rule of Civil Procedure 65(b). To preserve the *status quo* until a hearing on Plaintiffs' Motion for Preliminary Injunction is conducted, Defendants are hereby **ENJOINED AND PROHIBITED** from taking any steps to cause any part of Rose's wages to be withheld.

In accordance with Federal Rule of Civil Procedure 65(b)(2), this Temporary Restraining Order **SHALL EXPIRE** on November 21, 2022 at the time reflected on the notice of electronic filing ("NEF"), unless extended by further order of the Court.

Rose **SHALL** serve this Order and process on Defendants immediately.

**IT IS SO ORDERED.**

DATED:  November 7, 2022

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
