UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRETT ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 3:22-cv-02534-GCS |
| | ) |
| RAVEN DEVAUGHN,[1] | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In this suit for injunctive relief, Garrett Rose, a former employee of the Illinois Department of Corrections ("IDOC"), claims that the Illinois Department of Central Management Services ("CMS") seeks to garnish his wages without due process of law. Defendant Raven DeVaughn, as Director of CMS, insists that she is entitled to summary judgment because Plaintiff has failed to establish an actual or imminent due process violation that is ripe for review and because Plaintiff has omitted a necessary party to this litigation, the Illinois Comptroller. Plaintiff states that he consents to the entry of summary judgment against him on the condition that judgment is limited to CMS' attempts to collect Plaintiff's debt alleged in the Complaint and is without prejudice in

---

[1]     Defendant Anthony Pascente is no longer Director of the Illinois Department of Central Management Services ("CMS"). (Doc. 54, p. 1 n.1). In accordance with Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to terminate Defendant Anthony Pascente from this case and substitute Raven DeVaughn, in her capacity as the acting director of CMS, in his stead.

regard to future attempts by CMS to enforce its claim against Plaintiff. For the reasons stated below, summary judgment will be granted for Defendant.

FACTUAL AND PROCEDURAL BACKGROUND

Construed in the light most favorable to Plaintiff, the evidence and reasonable inferences establish the following facts relevant to the pending motion:

Plaintiff was employed as a correctional officer at the IDOC from February 2017 to June 9, 2022, when he was terminated for repeatedly failing to wear a face mask. (Doc. 1, p. 2). On September 22, 2022, Plaintiff received a letter from CMS notifying Plaintiff that he owed $1,195.92 to the State due to the failure to withhold medical and dental insurance premiums from his paychecks from March 16, 2022, through May 31, 2022. (Doc. 1-2, p. 1). The letter warned Plaintiff that if he failed to pay the amount owed by October 25, 2022, CMS would notify "the Illinois Office of the Comptroller . . . to begin involuntary withholding." *Id.*

On October 31, 2022, Plaintiff filed a Complaint against the State of Illinois, CMS, and Anthony Pascente, in his official capacity as the Director of CMS, pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 2201(a).[2] (Doc. 1, p. 1). In it, Plaintiff requested the Court declare that he had a "constitutionally protected property interest in his wages" and that Defendants "may not cause any portion of his wages to be withheld . . . without giving Plaintiff notice and a hearing." *Id.* at p. 4. He also requested the Court

---

[2]     On September 26, 2023, the Court found that the Eleventh Amendment's provision of sovereign immunity barred Plaintiff's claims against the State of Illinois and CMS. (Doc. 39, p. 6). Accordingly, the Court dismissed them. *Id.* at p. 12.

permanently enjoin Defendants "from taking any steps to cause any part of Plaintiff's wages to be withheld." *Id.*

On September 26, 2023, the Court found that Plaintiff could proceed on his claim for injunctive relief against the Director of CMS and that he had sufficiently stated a claim for a violation of due process to survive dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. 39).

On March 1, 2024, Defendant DeVaughn filed a Motion for Summary Judgment and Memorandum in Support. (Doc. 49, 50). Defendant DeVaughn argues that she is entitled to summary judgment because Plaintiff has failed to establish an actual or imminent due process deprivation and because he failed to include the Illinois Comptroller as a necessary party to this litigation. *Id.*

In response, Plaintiff filed a Conditional Consent to Entry of Summary Judgment ("Conditional Consent"). (Doc. 51). The Conditional Consent provides:

> Given the sworn statements, [Plaintiff] does not reject entry of a summary judgment in favor of the Defendants, but will object to judgment if it provides that the judgment is with prejudice with regard to any attempts by the Defendants to attempt to enforce its claim against the Plaintiff in the future and is limited to the attempt to collect the alleged indebtedness identified in the Complaint.

*Id.* at p. 1.

Defendant DeVaughn responded in opposition to the Conditional Consent. (Doc. 54). Accordingly, the Court considers whether Defendant Vaughn is entitled to entry of summary judgment in her favor, and, if so, whether Plaintiff's claims against her ought to be dismissed without prejudice.

## LEGAL STANDARDS

Summary judgment is proper when the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing FED. R. CIV. PROC. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The movant bears the burden of establishing the absence of a genuine issue as to any material fact and entitlement to judgment as a matter of law. *See Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *See Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). *See also Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (stating that "we are not required to draw every conceivable inference from the record . . . we draw only the reasonable inferences.") (internal citations omitted). Summary judgment is also appropriate if a plaintiff cannot make a showing of an essential element of his claim. *See Celotex*, 477 U.S. at 322. While the Court may not weigh evidence or engage in factfinding, it must determine if a genuine issue remains for trial. *See Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007).

In response to a motion for summary judgment, a nonmoving party may not simply rest on the allegations in his pleadings; rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *See Walker v. Shansky*, 28 F.3d 666, 670–671 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing

*Celotex*, 477 U.S. at 324). No issue remains for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "[I]f the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Id.* at 249–250 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). In other words, "inferences relying on mere speculation or conjecture will not suffice." *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (internal citation omitted). *See also Anderson*, 477 U.S. at 252 (finding that "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]"). Instead, the nonmoving party must present "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (internal citation omitted).

### DISCUSSION

Defendant DeVaughn contends that she is entitled to summary judgment because Plaintiff has not established a genuine dispute of material fact that he experienced an actual or imminent due process violation. (Doc. 49, 50). Defendant DeVaughn also argues that Plaintiff's failure to join the Illinois Comptroller as a necessary party is fatal to his case. *Id.*

Plaintiff concedes that "[g]iven the sworn statements, [he] does not reject entry of a summary judgment in favor of the Defendants." (Doc. 51, p. 1). However, Plaintiff states that he "will object to judgment if it provides that the judgment is with prejudice with

regard to any attempts by the Defendants to attempt to enforce its claim against the Plaintiff in the future and is limited to the attempt to collect the alleged indebtedness identified in the Complaint." *Id.* In essence, Plaintiff asks the Court to grant summary judgment for Defendant and dismiss his claims without prejudice, so that he is not prohibited from bringing a claim if CMS seeks to collect his debt in the future. Upon review of the record, the Court agrees with the parties that Defendant is entitled to summary judgment.

Plaintiff has failed to allege an actual or imminent due process violation. In order to establish a genuine dispute that his due process rights were violated, Plaintiff must show that "(1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F. 3d 937, 943–944 (7th Cir. 2010). Plaintiff claims his due process rights were violated because CMS's notice letter warned that if he did not pay his debt by October 25, 2022, the Illinois Comptroller would "be notified to begin involuntary withholding" with no mention of Plaintiff's right to a hearing. (Doc. 1-2, p. 1). Based on that belief, Plaintiff initiated this action on October 31, 2022, six days after the date CMS claimed it would notify the Illinois Comptroller to begin involuntary withholding. (Doc. 1).[3] Over two years have since passed, and Plaintiff

---

[3]     Defendant contends that Plaintiff's claim that he "believed that he had no other option apart from filing the instant lawsuit to contest the letter's invocation of 'involuntary withholding'" is refuted by an excerpt of an email chain between Plaintiff and a supervisor at his current employer. (Doc. 50, p. 6). In that email, Plaintiff thanks his supervisor for offering to "fight" an attempt by CMS to collect his debt. (Doc. 50-4, p. 5). The Court disagrees with Defendant that this email demonstrates Plaintiff did not believe that a lawsuit was the only way

has not provided any evidence that the Illinois Comptroller has attempted to garnish his wages. And, as Defendant points out, even if CMS sought to collect the debt now, the Illinois Comptroller would not be able to garnish Plaintiff's wages because he is employed by an Illinois municipality, not the State. (Doc. 50-1, p. 2). The Illinois Comptroller is limited to involuntary withholding from State of Illinois salaries, Illinois lottery winnings, and Illinois state tax refunds paid by the State of Illinois. *Id.* Plaintiff does not dispute this. (Doc. 51, p. 1).

Plaintiff has not provided any evidence indicating that CMS has attempted to garnish his wages or otherwise collect his debt.  A "claim for a violation of due process requires that the claimant possess a protected liberty or property interest that potentially could be abridged." *Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th Cir. 2003) (citing *Morales–Ramirez v. Reno*, 209 F.3d 977, 983 (7th Cir. 2000)). Plaintiff admits that he has not shown an actual or potential due process violation. (Doc. 51, p. 1). Accordingly, summary judgment must be granted for Defendant.[4]

Plaintiff, however, also argues that summary judgment ought to be granted without prejudice. In his Conditional Consent, Plaintiff alludes to "attempts by the

---

to seek relief from a garnishment action. And, even if the email did prove what Defendant claims, Defendant fails to identify how it relates to a material dispute in this case.

[4]    As summary judgment is granted based on Plaintiff's failure to establish a genuine dispute that his due process rights were violated, the Court need not address Defendant's argument that Plaintiff failed to join the Illinois Comptroller, which Defendant claims is a necessary party to this dispute. This is because Illinois law provides the Comptroller—not the Director of CMS—the authority to garnish wages. (Doc. 50, p. 10-11). The Court notes that the State Comptroller Act provides that the Illinois Comptroller "upon notification" deducts payments. 15 ILL. COMP. STAT. § 405/10.05.

Defendants to attempt to enforce its claim against the Plaintiff in the future." (Doc. 51, p. 1). He wants the Court to limit its judgment to "the attempt to collect the alleged indebtedness identified in the Complaint." *Id.* If the Court does not limit its judgment, Plaintiff states he "will object." *Id.* As stated above, however, Defendant has not attempted to collect Plaintiff's debt. (Doc. 50-1, p. 2). To the extent Plaintiff wants the Court to protect hypothetical claims he may have against Defendant in the future, the Court declines to do so.

"Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934, 937 (7th Cir. 2022) (citing U.S. CONST. art. III, § 2). As part of that requirement, cases must be ripe for adjudication. "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Lehn v. Holmes,* 364 F.3d 862, 867 (7th Cir. 2004) (citing *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99, 104-105 (1977); *see also Sweeney v. Raoul*, 990 F.3d 555, 559-560 (7th Cir. 2021). Plaintiff's request that the Court enter judgment on his claims without prejudice for the sole purpose of preserving his right to litigate a hypothetical future action is the precise kind of entanglement the ripeness doctrine prohibits. The Court will determine Plaintiff's right to bring claims in the future concerning due process violations if and when he brings those claims. Until then, such claims are unripe. *See, e.g., Sweeney,*

990 F.3d at 560 (explaining that "ripeness is 'peculiarly a question of timing[]'") (quoting

*Blanchette v. Connecticut General Ins. Corporations*, 419 U.S. 102, 140 (1974)).

By consenting to summary judgment, Plaintiff effectively admits that his claims

lack merit, and no reasonable jury could find in his favor. Plaintiff could have voluntarily

dismissed his claims without prejudice in the sixteen months between filing the case and

Defendant's motion for summary judgment. *See* FED. R. CIV. PROC. 41(a)(1)(A)(i). But

Plaintiff did not. He allowed the case to proceed to summary judgment despite knowing

that he lacked evidence to support his claims. Plaintiff is not entitled to dismissal of his

claims without prejudice simply because of the litigation strategy that was chosen.

Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc.

49) is **GRANTED.** This action is **DISMISSED** with prejudice, and the Clerk of Court is

**DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 10, 2025.**

Digitally signed by
Judge Sison
Date: 2025.03.10
14:09:47 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **9** of **9**